### John Manly v. The State.

#### No. 3540. Decided May 12, 1915.

**1.—Murder—Self-defense—Threats—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the theory of self-defense was not charged except as connected with threats in the court's charge to the jury, the same was reversible error. Prendergast, Presiding Judge, dissenting.

**2.—Same—Standpoint of Defendant—Threats—Charge of Court.**

Upon trial of murder and a conviction of manslaughter, the court's charge on threats should not leave the matter to the belief of the jury in regard to whether the threats were made or not. It is the motive and intent of the defendant in doing the act at the time under the light presented to him which controls.

Appeal from the District Court of Austin. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Johnson, Matthaei & Thompson, Duncan & Duncan,* and *J. J. Walker,* for appellant.—On question of court's charge on self-defense: Lyons v. State, 71 Texas Crim. Rep., 195, 159 S. W. Rep., 1070; Branch's Crim. Law, art. 482.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Tillery v. State, 24 Texas Crim. App., 251.

DAVIDSON, Judge.—Appellant was convicted of manslaughter and given two years.

His theory of the case, which is presented by his own and corroborating testimony of other witnesses, was self-defense. It is shown that prior to this tragedy appellant was seriously hurt by the deceased. About a week before the deceased was to be tried for that trouble appellant and deceased met in the road. The theory of the State was that deceased was unarmed and appellant shot him. There is a good deal of

MANLY v. THE STATE. 607

discrepancy with reference to the exact location of .the wounds. Some of the witnesses place the wounds on the right side under the right arm and just below the arm pit. Others place the wounds about the right nipple. The appellant's testimony shows that deceased, in addition to having inflicted the previous injury upon appellant, had threatened to take his life. It is unnecessary to go into a detailed statement of those matters. The evidence in regard to threats, and the seriousness of their nature, was presented by the facts. The testimony for appellant is to the effect that upon their meeting the deceased jumped from his horse and threw his right hand into his bosom as if to draw a pistol, after calling to him to halt. Upon his doing this appellant grabbed his gun, which was in the buggy between himself and a companion, who was in the buggy, and fired the shot resulting in the death of deceased. The only thing deceased said at the time to the appellant was to halt. Some of the testimony shows he repeated the expression "halt."

Under this theory of the case the court charged the jury as follows:

"If you believe that Oliver Horace had threatened to kill the defendant, or if you believe he had not, in fact, done so, but believe that the defendant had been informed that said Oliver Horace had done so, the fact of such threats or the fact that the defendant had been informed that Horace had made such threats, did not afford in law any justification for the killing unless you believe from the evidence that said Horace, at the time of the shooting, did or was in the act of doing some act or making some demonstration manifesting an intention then and there to execute or carry out such threats, or which was reasonably calculated, in view of all the evidence and circumstances of the case, viewed and considered from the defendant's standpoint, to produce and which did produce, in fact, in the mind of the defendant the belief that Horace was about to execute such threats, and in that event, defendant had the right to act upon such reasonable appearance of danger, notwithstanding you may now believe that such danger was not, in fact, real, and in such case, if the defendant acted under the belief that he was really in danger, he was not bound to retreat in order to avoid the necessity of killing the deceased, and if you believe that Horace did do any act or make such demonstration at the time as, under all the circumstances reasonably induced the defendant to believe, viewed from the defendant's standpoint, that he, Horace, was about to shoot or was about to inflict serious bodily injury upon the defendant, and that, prompted by such belief, the defendant shot Horace, then his act was justifiable, and you will acquit the defendant."

The court did not charge upon the theory of self-defense except as above quoted. So it will be seen that the theory of self-defense was not charged except as connected with threats. Presenting the theory of self-defense appellant asked this charge, which was refused: "I charge you that a reasonable apprehension of death or serious bodily injury will excuse a party for using all the necessary force to protect his person or his life, and it is not necessary that there be actual danger, provided the defendant acted on a reasonable apprehension of danger,

such reasonable apprehension of danger being viewed from the defendant's standpoint; therefore, if you believe from the evidence in this case that the defendant, John Manly, did shoot and kill Oliver Horace, the deceased, and if you believe at the time of so doing he acted upon a reasonable apprehension of death, or serious bodily injury, viewing it from the defendant's standpoint, you will find the defendant not guilty, and so say by your verdict." Again this charge was asked and refused: "You are instructed that if the defendant, John Manly, at the time he met Oliver Horace, deceased, in the road, if he did meet him in the road, and at the time the deceased, Oliver Horace, made some demonstration which caused the defendant to believe that the said Oliver Horace was about to kill him, this said defendant, viewing it from the defendant's standpoint, and the defendant then and there shot and killed Oliver Horace, you will find the defendant not guilty, and so say by your verdict." Again, this charge was requested and refused: "You are instructed that if you believe that the deceased, Oliver Horace, at the time the said defendant killed him made some demonstration which was calculated to produce and did produce in the mind of the defendant that the deceased was in the act of shooting and killing or doing the defendant great bodily injury, and even though you believe that by said demonstration, if any, the deceased did not in fact intend to shoot or kill and did not in fact intend to inflict some bodily injury upon the defendant, then you will acquit the defendant, and say by your verdict not guilty."

These charges or their substance ought to have been given. The charge relegating the defensive theory only as to threats and accompanying demonstration is not sufficient in a case of this sort. This matter has been before the court in a great number of cases; many of these are found collated in Mr. Branch's Crim. Law, sec. 482. See Lyons v. State, 71 Texas Crim. Rep., 195, 159 S. W. Rep., 1070. Appellant is entitled to all of the defensive theories made by the evidence. Self-defense was presented by the facts as well as from threats, and an affirmative charge should have been given upon both theories. It will be noticed that the charge on threats given by the court leaves it largely to the belief of the jury in regard to whether the threats were made or not. In part of the charge the court does relegate the jury to the belief of the defendant, but the matter is presented in such way that the jury may have understood that they were themselves to believe that threats were made, viewed in the light of the entire record and matters occurring subsequent and from all the testimony. The criterion is, what did the defendant believe at the time of the trouble, and what prompted him to then act? It is the motive and intent of the defendant in doing the act at the time under the light presented to him at the time of the act which controls. The special charges requested by appellant much more appropriately charged the law in this respect in regard to threats than that given by the court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, PRESIDING JUDGE.—I doubt if the evidence raises self-defense otherwise than in connection with threats. If not, then the case should not be reversed. As I understand the law, when the evidence raises self-defense in connection with threats only, then no charge on self-defense otherwise should be given.